UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOLLYTOGS, LTD,

                    Plaintiff,

          v.                                          24-CV-7682 (JAV)

MEADOW OAKS EDUCATION                                 **ORDER**
FOUNDATION, et al.,

                    Defendants.

JEANNETTE A. VARGAS, United States District Judge:

The Court is in receipt of the parties' cross-motions to compel discovery.  In addition to raising several distinct discovery disputes, the parties jointly seek an extension of the discovery deadlines in this case.  The Court extends the fact discovery deadline to **August 22, 2025**, for the limited purpose of conducting depositions and, to the extent subsequently ordered by the Court in response to the pending motion to compel, production of additional documents.  The deadlines in the Case Management Plan otherwise remain unchanged.

Defendants have represented that no internal emails or electronic communications concerning the school uniform order at issue exist.  Plaintiff, finding this representation implausible, seeks an order compelling Defendants to retain an ESI vendor to "forensically collect, review, and produce all relevant internal communications responsive to plaintiff's document requests."  ECF No. 31.

"Forensic examinations of computers and cell phones are generally considered a drastic discovery measure because of their intrusive nature."  *Lebenns v. Frost Prods.*, No. 21-CV-11155 (JLR) (JW), 2023 WL 8280405, at *3 (S.D.N.Y. Nov. 30, 2023) (cleaned up).  Forensic examination can be appropriate, however, where "there is reason to believe that a litigant has tampered with the [device] or hidden relevant materials" or "improper conduct on the part of the

responding party." *Aminov v. Berkshire Hathaway Guard Ins. Co.*, No. 21-CV-479-DG-SJB, 2022 WL 818944, at *1 (E.D.N.Y. Mar. 3, 2022) (citations omitted).

Yet despite their initial reference to a "forensic" examination, Plaintiff has clarified that it is not seeking the wholesale imaging of Defendants' email servers, which is typically the issue in cases discussing whether forensic examination is appropriate. ECF No. 33 ("Opp'n to Def.'s Mot. to Compel") at 2. Rather, Plaintiff simply wants the collection, review, and production of Defendants' emails to be conducted by counsel or an external ESI vendor, rather than by one of the named Defendants. *Id.*

"The producing party is in the best position to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information." *Winfield v. City of New York*, No. 15-CV-05236 (LTS) (KHP), 2017 WL 5664852, at *9 (S.D.N.Y. Nov. 27, 2017) (cleaned up). "However, parties cannot be permitted to jeopardize the integrity of the discovery process by engaging in halfhearted and ineffective efforts to identify and produce relevant documents." *Id.* (cleaned up). Reliance upon a client's representation that no responsive records exist "is a form of self-collection which is strongly disfavored." *Thomas v. City of New York*, 336 F.R.D. 1, 5 (E.D.N.Y. Sept. 16, 2020). Accordingly, "a party that opts not to have an expert conduct the ESI search does so at its peril." *Zhulinska v. Niyazov L. Grp., P.C.*, No. 21-CV-1348 (CBA), 2021 WL 5281115, at *3 n. 2 (E.D.N.Y. Nov. 12, 2021).

The scant record in this case does not allow the Court to evaluate whether Defendants have complied with their discovery obligations. Defendants represent that "Ms. Nixon reviewed email and other repositories reasonably likely to have responsive documents under our direction. The documents were reviewed by our firm prior to production for responsiveness and privilege." ECF No. 32 ("Ltr. Mot. to Comp. Pl.") at 3. But Defendants do not specify what search terms

were used to identify potentially responsive emails or other communications, the custodians whose emails were searched, or the methodology used to determine responsiveness. It is also unclear whether all documents that were hit upon were turned over to counsel for responsiveness review, or whether Ms. Nixon was primarily responsible for determining whether a document was responsive. Accordingly, by **July 28, 2025**, Defendants shall file a letter outlining the specific search methodology employed, including all of the aforementioned missing information.

With respect to the waiver of Ms. Bailey's deposition, Defendants represent that they advised counsel on June 13, 2025, that they sought this deposition of Ms. Bailey. *Id.* at 2. That it was not yet scheduled as of July 8, 2025, does not constitute waiver.

Defendants also seek to compel the production of Plaintiff's emails in native .pst format. *Id.* Plaintiff represents that, to avoid the production of privileged information and to allow the documents to be Bates stamped, Plaintiff's ESI vendor "produced the documents in a fully searchable format with metadata preserved." Opp'n to Def.'s Mot. to Compel at 2. Defendants have not explained why they seek the emails in .pst format, nor did they specify a format in their discovery request. As the emails were produced in a "reasonably usable form," Fed. R. Civ. P. 34(b)(2)(E)(ii), the motion to compel is denied.

Finally, Defendants seek to compel a response to Interrogatory Number 4, which seeks the identity of persons responsible for calculating Ms. Bailey's compensation. Ltr. Mot. to Comp. Pl. at 4. Defendants claim that this information is relevant because these witnesses could confirm whether Ms. Bailey receives a commission from sales. *Id.*. Yet Defendants do not explain why they cannot question Ms. Bailey directly on the nature of her compensation and any commission she may have received from the transaction at issue. As this information appears to be readily obtainable through a deposition of Ms. Bailey, the Court denies the motion to compel.

The Clerk of Court is directed to terminate ECF No. 32.

Dated:  July 23, 2025
        New York, New York

                                        _____
                                        JEANNETTE A. VARGAS
                                        United States District Judge